## 16561

KINARD v. MOORE *ET AL.*

(68 S. E. (2d) 321)

*Messrs. Butler & Moore,* of Spartanburg, *for Appellants, Margaret Caroline Moore et al.,* and *Butler & Moore,* of

378

Spartanburg, and *Uzzell & DuMont,* of Asheville, N. C., *for Appellants, Corinne Moore Pruit et al.,*

*Mr. E. W. Johnson,* of Spartanburg, *for Appellants, Kennedy T. Moore et al.,*

*Messrs. Daniel, Russell & Means,* and *Jesse W. Boyd,* of Spartanburg, *for Defendants-Respondents, John McDowell Moore et al.,*

380

*Messrs. Perrin, Ward & Perrin,* of Spartanburg, *for Plaintiff-Respondent, Mary Louise Moore Kinard,*

*Mr. Benjamin O. Johnson,* of Spartanburg, *for Defendant-Respondent, Mary Martha Moore,*

*Messrs. Butler & Moore,* of Spartanburg, *for Appellants, Margaret Caroline Moore et al., and Butler & Moore,* of Spartanburg, and *Uzzell & Dumont,* of Asheville, N. C., *for Appellants, Corinne Moore Pruitt et al., in reply.*

November 13, 1951.

PER CURIAM.

Walter J. Britton, Jr., late of Spartanburg County, died on July 30, 1949. He left a will of date September 5, 1942, by the terms of which he devised all of his property, after the payment of debts, to his father, Walter J. Britton, as sole beneficiary, whom he appointed as executor.

Walter J. Britton predeceased his son, Walter J. Britton, Jr., and the will of Walter J. Britton, Jr., made no provision for the distribution of his estate in the event his father did not survive to take under the will.

It is agreed among the parties that the legacy contained in the will of Walter J. Britton, Jr., lapsed, and that therefore he died intestate, and that his estate is distributable under the statute of descent and distribution.

The plaintiff, Mary Louise Moore Kinard, was appointed as administratrix *cum testamento annexo,* and brought this action to declare the testamentary disposition of the estate of Walter J. Britton, Jr., to be lapsed, and to determine who are entitled to his estate, and in what proportion they inherit.

The primary question involved in this case is the construction of Section 8906 of the 1942 Code, as amended by the Act of 1945, Act 194, approved May 14, 1945, 44 Stats. 313,—the intestacy statute—on the point of whether uncles and aunts (and their children by representation) mean uncles and aunts by the whole blood, or uncles and aunts of the half blood and the whole blood.

The cause was referred to the Master of Spartanburg County, who held that under the statute, "uncles and aunts" as used therein, should be construed to mean uncles and aunts of the whole blood only; and reached the conclusion that only children of uncles and aunts of the whole blood could take, excluding those of the half blood.

Upon appeal to the circuit court, the master was reversed in part. By its decree, the circuit court held that the estate

of Walter J. Britton, Jr., is distributable among the children, *per stirpes,* of the six predeceased uncles and aunts of both the whole and the half blood living at the death of Walter J. Britton, Jr. The appellants seek a reversal of this holding.

The master's finding that relatives more remote than children of deceased uncles and aunts,—that is, second and third cousins,—were excluded,—was affirmed by the circuit court decree.

We have given careful study to the record in this case, the applicable law, and the comprehensive briefs submitted by counsel. In our opinion, the able decree rendered by Judge T. B. Greneker soundly and correctly decides the issues presented.

The exceptions are overruled, and the circuit decree stands affirmed as the judgment of this court. Let it be reported.

BAKER, C. J., and FISHBURNE, STUKES, TAYLOR, and OXNER, JJ., concur.